# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
# HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Western | |
|---|---|---|
| Name (under which you were convicted): Isaac Perdomo-Paz | | Docket or Case No.: |
| Place of Confinement: South Central Correctional Center | Prisoner No.: 1247167 | |
| Petitioner (include the name under which you were convicted) Isaac Perdomo-Paz | v. | Respondent (authorized person having custody of petitioner) Michele Buckner |
| The Attorney General of the State of: Missouri | | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Circuit Court of Clay County, Missouri

   (b) Criminal docket or case number (if you know): 11CY-CR02874

2. (a) Date of the judgment of conviction (if you know): 10/26/2012

   (b) Date of sentencing: 01/24/2013

3. Length of sentence: Life without parole

4. In this case, were you convicted on more than one count or of more than one crime?  ☑ Yes  ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: Murder in the first degree (2 counts), murder in the second degree, armed criminal action (3 counts)

6. (a) What was your plea? (Check one)

   ☑ (1) Not guilty     ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty         ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury  ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes  ☑ No

8. Did you appeal from the judgment of conviction?

☑ Yes  ☐ No

9. If you did appeal, answer the following:

(a) Name of court: Court of Appeals, Western District

(b) Docket or case number (if you know): WD76129

(c) Result: Affirmed

(d) Date of result (if you know): 07/14/2015

(e) Citation to the case (if you know): State v. Perdomo-Paz, 471 S.W.3d 749 (Mo. App. W.D. 2015)

(f) Grounds raised: (1) Trial court error in overruling my motion to suppress my statement and in admitting my statement at trial because I unequivocally asserted my right to remain silent; (2) Trial court error in overruling my motion to suppress my statement at trial because I did not voluntarily waive my right to remain silent; (3) Trial court error in overruling my motion to suppress the stop and arrest; (4) Trial court error in overruling my motion for judgment of acquittal because the State failed to prove an element of first degree murder; (5) Trial court error in overruling my motion for parolable sentences on Counts I and III

(g) Did you seek further review by a higher state court?  ☑ Yes  ☐ No

If yes, answer the following:

(1) Name of court: Missouri Supreme Court

(2) Docket or case number (if you know): SC95257

(3) Result: Application for transfer was denied

        (4) Date of result (if you know):    10/27/2015

        (5) Citation to the case (if you know):    N/A

        (6) Grounds raised:    Whether the police can continue to detain and demand identification from a passenger of an vehicle without individualized suspicion relating to the passenger after the purpose of the initial stop has been completed and the questioning is not related to the purpose of the traffic stop

   (h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☑ No

      If yes, answer the following:

      (1) Docket or case number (if you know):

      (2) Result:

      (3) Date of result (if you know):

      (4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☑ Yes   ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

   (a)   (1) Name of court:   Circuit Court of Clay County

        (2) Docket or case number (if you know):   16CY-CV00334

        (3) Date of filing (if you know):   01/19/2016

        (4) Nature of the proceeding:   Post-conviction relief, pursuant to Rule 29.15

        (5) Grounds raised:   (1) Ineffective assistance of counsel in failing to object to evidence pertaining to my Jeep; (2) Ineffective assistance of counsel in failing to object to evidence pertaining to my arrest; (3) Ineffective assistance of counsel in failing to object to the State's closing argument as not supported by facts and calling for an improper inference; (4) Ineffective assistance of appellate counsel in failing to raise the claim that the trial court abused its discretion in admitting evidence pertaining to my arrest.

        (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        ☑ Yes   ☐ No

        (7) Result:   Denied

(8) Date of result (if you know): 10/16/2017

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Court of Appeals, Western District

(2) Docket or case number (if you know): WD81257

(3) Date of filing (if you know): 09/13/2018

(4) Nature of the proceeding: Appeal of denial of post-conviction relief

(5) Grounds raised: Ground 1 above

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☑ No

(7) Result: Affirmed

(8) Date of result (if you know): 04/16/2019

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☐ Yes   ☑ No
(2) Second petition:  ☐ Yes   ☐ No
(3) Third petition:   ☐ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** See attached.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

(b) If you did not exhaust your state remedies on Ground One, explain why:

_____

AO 241 (Rev. 09/17)

(c) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why: _____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☐ Yes ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    (3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

    (4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☐ Yes ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two :

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No
(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

_____

**GROUND FOUR:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

Page 12 of 16

Case 4:20-cv-00221-SRB   Document 1   Filed 03/23/20   Page 11 of 17

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☑ Yes ☐ No

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

    No.

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At preliminary hearing: Thomas Jacquinot and Patrick Berrigan, 920 Main Street, Suite 500, Kansas City, MO 64105

   (b) At arraignment and plea: Same as above

   (c) At trial: Same as above

   (d) At sentencing: Same as above

   (e) On appeal: Rosemary Percival, 920 Main Street, Suite 500, Kansas City, MO 64105

   (f) In any post-conviction proceeding: Natalie Hull, 920 Main Street, Suite 500, Kansas City, MO 64105

   (g) On appeal from any ruling against you in a post-conviction proceeding: Natalie Hull Hoge, 920 Main Street, Suite 500, Kansas City, MO 64105

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  ☐ Yes  ☑ No

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

   (b) Give the date the other sentence was imposed:

   (c) Give the length of the other sentence:

   (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?  ☐ Yes  ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

___

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

 (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:  Reverse my convictions and order a new trial.

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

*Isaac Perdomo Paz*
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

## 12. Claims for Relief

**Claim 1:** The trial court erred in overruling my motion to suppress my statement to police on March 03, 2011 and in admitting this statement at my trial in violation of my right to due process and my right against self-incrimination This statement was not admissible because I had unequivocally asserted my right to remain silent when I stated that I did not want to talk to detectives, however Detective Ray asked me, "Why not?"

**Claim 2:** The trial court erred in overruling my motion to suppress my statement to police on March 03, 2011 and in admitting this statement at my trial in violation of my right to due process and my right against self-incrimination because I did not voluntarily waive my right to be silent. I told detectives that I did not want to speak to them, yet I was still asked questions. I requested a water and bathroom break, however these requests were denied. My demeanor demonstrated that I was exhausted. Detective Ray was aggressive and demeaning during the interrogation.

**Claim 3:** The trial court erred in overruling my motion to suppress the testimony and evidence from the March 02, 2011 detention and arrest and the evidence that was the fruit of that detention and arrest because I was illegally detained and arrested. I was not free to leave despite the fact that officers lacked reasonable suspicion based on specific and articulable facts that I was involved in criminal activity. Further, officers lacked probable cause to arrest me.

**Claim 4:** The trial court erred in overruling my motion for judgment of acquittal at the close of the evidence, with regard to the counts of first degree murder, in violation of my right to due process of law and my right to a fair trial because the State failed to prove an element of first degree murder. The State failed to show the element of cool reflection before the shooting, rather the evidence demonstrated that the shootings occurred after a confrontation with one of the victims and that the shooting occurred before any cooling off period.

**Claim 5:** Trial counsel was ineffective in failing to object to the relevance of the evidence presented about a Jeep Cherokee that I was known to drive. Francisco Noriega, James Summers, and Bernabe Perdomo testified that this Jeep was sold to a scrapper after I was arrested. This evidence was more prejudicial than probative because there was no evidence presented to show that there was any connection between me and the eventual scrapping of the Jeep. There was no evidence presented that I had any part in this decision to scrap the vehicle.

**Claim 6:** Trial counsel was ineffective in failing to properly object to the relevance of testimony that I provided police with false information and attempted to run from officers prior to my arrest. Trial counsel failed to make an offer of proof which would have shown that there was an explanation for my actions at the time of my arrest which overcame the inference that these acts were evidence of my guilt. Had this offer of proof been made, this objection would have been sustained by the trial court.

**Claim 7:** Trial counsel was ineffective in failing to object to the State's closing argument because it was not supported by the facts presented at trial and it called for an improper inference. During its closing argument, the State argued that my father, Bernabe Perdomo, destroyed the Jeep that I was known to drive. However, the evidence presented at trial only showed that my father sold the Jeep to Mr. Noriega and that Mr. Noriega sold the Jeep to a scrap yard. There was no evidence presented that my father asked Mr. Noriega to have the Jeep destroyed. Further, there was no evidence that I was in any way involved in the decision to scrap the Jeep.

During its closing argument, the State also suggested that the Jeep contained physical evidence of the offenses for which I was convicted. However, there was no evidence presented at my trial that the Jeep contained any physical evidence.